March 26.
Judge Green.
For the purposes of this cause, it must be taken for granted after the verdict and judgment at law, (which are not impeached upon any ground, which would justify the interference of a court of equity, by awarding a new trial,) that the legal title to the land in controversy, is in *406 the appellant •, and so the case was considered by the chan» cellor. The only question in the cause therefore is, whether the alleged abandonment by Lockhart, of his claim to the land as stated in the bill, ought in equity to preclude him or his assignee with notice, from asserting the legal title. Luddington, in 1791, upon the mistaken supposition, (as it has turned out,) that there was a slip of vacant land, between two patents held by Lockhart, and which mutually called for the lines of each other, as a common boundary, located the land so supposed to be vacant.. But, before Luddington had taken any other step towards procuring a grant for the land, Lockhart proceeded to survey one of his patents, with a view to a sale thereof, to Reidor. Upon that survey, which Luddington attended, it was found that there was a marked corner and line» corresponding with the calls of the patent, but which did not coincide with the marked corner and lines of the other patent; and it was the land between these lines, which Luddington had located as vacant. Lockhart stated, that the survey ought to be extended, so as to connect with the other patent, and Luddington stated, that he was willing to give up his claim to the land in question, if Lockhart’s patent covered it, as he did not wish to go to any further expense about it, if it was previously appropriated. The surveyor gave it as his opinion, that the survey ought not to be extended, and Lockhart abandoned all claim to the land in question, and completed his survey, according to the marked lines, and sold by that survey to Reider. This transaction had nothing of the character of a contract, between Lockhart and Luddington, so as to be a lit case for a decree, for a specific execution. There was no consideration passing between the parties. There was no promise to convey, and if there had been such a promise, it would not have been binding, as it would have been made without consideration, and upon an erroneous opinion of Lockhart, in relation to his rights. There was no compromise of conflicting claims. Luddington did not *407 even suggest, that he was willing to abandon his claim, if Lockhart claimed title to the land; but only in the event, that Lockhart’s patent really covered the land; so that if the surveyor had been of opinion, that the survey ought to be extended to the marked line of the other patent, it would still have remained discretionary with Luddington, to waive his claim or not, according to his pleasure. Upon the ground of contract, then, the appellee can assert no right to the land in question.
The rights of a party may be bound by, or he may be held responsible for, the consequences of his concealment or misrepresentation, or gross negligence in relation to them, (according to the circumstances of the case,) in favour of any person, who may be thereby induced to part with his money. But, no concealment or misrepresentation can have that effect, unless it be collusive or fraudulent, or the negligence be so gross as to amount to proof of fraud.(a)
In the case at bar, both parties had precisely the same information as to Lockhart’s title. On his part, there was no concealment or misrepresentation. He had no intent to deceive or injure Luddington; he cannot be charged with any fraud. His abandonment of his title, as it is called, probably had no influence upon Luddington’s after-proceedings, in perfecting bis title; for, he bad previously located the land as vacant, upon his own judgment as to the validity of Lockhart’s title, and W'ould probably have proceeded to procure his patent. If Lock-hart had never abandoned his title, the case seems to be at most one of mutual error, and in which both parties are innocent; and in such case, the equity being equal, the law should prevail.
' There is no charge in the bill, that any permanent improvements on the land had been made by Luddington, *408 or ^10Se claiming under him, for which, compensation could be asked; and, therefore, on that subject no decree can be made.
I think the decree should be reversed, and the bill dismissed with costs.
The other judges, (with the exception of judge Cabell, who was absent,) concurred; and the decree was accordingly reversed, and the bill dismissed with costs.

 Pasley vs. Freeman, 3 T. R. 51. Hayeroft vs. Creasy, 2 East 92. Ibberison vs. Rhodes, 2 Vern. 554. 1 Fonb. Eq. 163, note (n.) Evans vs. Bricknell, 6 Ves. 183. Holmes to. ——— 12 Ves. 279. Danee vs. Spurrier, 7 Ves. 281,